IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TODD R., SUZANNE R., and LILLIAN R., <br><br> Plaintiffs, <br> v. <br><br> PREMERA BLUE CROSS BLUE SHIELD OF ALASKA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [10] MOTION TO TRANSFER VENUE** <br><br> Case No. 1:17-cv-00058-DN <br><br> District Judge David Nuffer |

Plaintiffs seek to recover benefits under ERISA. Defendant Premera Blue Cross Blue Shield of Alaska (Premara) has moved to change venue to the Western District of Washington because that is where the plan is administered and because that is where the defendant maintains its principal place of business.[1] Plaintiffs did not respond in opposition.[2]

## DISCUSSION

Based on the facts as represented in the Complaint[3] and the Declaration of Gwendolyn C. Payton,[4] the Western District of Washington is the proper venue.

Under 28 U.S.C. § 1404 "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if it will better serve "the convenience of the parties and witnesses, in the

---

[1] Defendant's Motion to Transfer Venue and Memorandum in Support, docket no. 10, filed May 31, 2017.

[2] Under DUCivR 7-1(b)(3), "[a] memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 58 must be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court." Therefore, Plaintiffs' Opposition was due June 28, 2017.

[3] Complaint, docket no. 2, filed April 28, 2017.

[4] Declaration of Gwendolyn C. Payton in Support of Defendant's Motion to Transfer Venue (Payton Declaration), docket no. 11, filed May 31, 2017.

interest of justice." And under ERISA's venue provision, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[5] The 10th Circuit has not addressed how, under this statute, to determine "where the breach took place." In *Island View Residential Treatment Center v. Kaiser Permanente*,[6] the Utah district court held that "any breach of duty owed under the plan, occurs at the place where the plan participant resides. The place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location."[7]

Plaintiffs reside at Matanuska-Susitna Borough, Alaska.[8] Premara is the plan administrator.[9] Premara is headquartered and incorporated in the state of Washington.[10] Therefore, because the plan is administered and the defendant resides in Washington, and because other judges in this district have found the breach takes place where the plan participant resides,[11] the case should be transferred to the Western District of Washington.

---

[5] 29 U.S.C. § 1132(e)(2).

[6] *Island View Residential Treatment Center v. Kaiser Permanente,* No. 1:09-cv-3 CW, 2009 WL 2614682 (D. Utah August 21, 2009); *Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, No. 1:07CV137 DAK, 2008 U.S. Dist. LEXIS 35464(D. Utah April 29, 2008).

[7] *Id.* at *2.

[8] Complaint ¶ 1.

[9] Complaint ¶ 3.

[10] Payton Declaration ¶ 2.

[11] No. 1:09-cv-3 CW, 2009 WL 2614682 (D. Utah August 21, 2009).

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion to Transfer Venue and Memorandum in Support[12] is GRANTED. This case will be transferred to the Western District Court in Washington.

Signed July 7, 2017.

BY THE COURT

District Judge David Nuffer

---

[12] Docket no. 10, filed May 31, 2017.